# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SHERYL RADFORD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case number 4:05cv1468 SNL |
| | ) TCM |
| JO ANNE B. BARNHART, | ) |
| Commissioner of Social Security, | ) ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This is an action under 42 U.S.C. § 405 (g) for judicial review of the final decision of Jo Anne B. Barnhart, Commissioner of Social Security ("Commissioner"), denying the application of Sheryl Radford for supplemental security income benefits ("SSI") under Title XVI of the Social Security Act (the Act), 42 U.S.C. §§ 1381-1383b.[1]  Before filing her answer, the Commissioner moves to remand this case to the Appeals Council on the grounds that the recording of the administrative hearing on Plaintiff's application cannot be located. Plaintiff does not oppose this motion.

A case seeking judicial review of the Commissioner's adverse decision may be remanded pursuant only to sentence four or six of 42 U.S.C. § 405(g). See **Shalala v. Schaefer**, 509 U.S. 292, 296 (1993); **Melkonyan v. Sullivan**, 501 U.S. 89, 97-98 (1991).

---

[1] The case was referred to the undersigned United States Magistrate Judge for a review and recommended disposition pursuant to 28 U.S.C. § 636(b).

97-98 (1991). "Sentence four,[2] by its terms, authorizes a court to enter 'a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing.'" **Buckner v. Apfel**, 213 F.3d 1006, 1010 (8th Cir. 2000) (quoting § 405(g)) (alteration added). "Sentence six, in contrast, authorizes a remand in only two limited situations," **id.**, one of which is that "[t]he court may, on motion of the Commissioner of Social Security made for good cause shown *before* the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action . . ." 42 U.S.C. § 405(g) (emphasis and alterations added). As noted by the Commissioner in her unopposed motion, the conference committee on the Social Security Disability Amendments of 1980 has stated that "good cause" may be exemplified by a lost or inaudible tape recording of the oral administrative hearing. H.R. Rep. No. 96-944, 96th Cong. 2nd Sess. 59 (1980).

Thus, good cause for a sentence six remand clearly exists in the instant case. Accordingly,

**IT IS HEREBY RECOMMENDED** that the Commissioner's Motion to Remand be **GRANTED** pursuant to sentence six of 42 U.S.C. § 405(g) and the case be REMANDED for further proceedings. [Doc. 12]

The parties are advised that they have eleven (11) days in which to file written objections to this Recommendation and the Memorandum incorporated herein pursuant to

---

[2]Sentence four reads as follows: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in waiver of the right to appeal questions of fact. See **Griffini v. Mitchell**, 31 F.3d 690, 692 (8th Cir. 1994).

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 11th day of January, 2006.